UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No. 6:08-bk-04327-KSJ |
| Mirabilis Ventures, Inc., | Chapter 11 |
| Debtor. | |
| Mirabilis Ventures, Inc., | Adv. Pro. No: 6:09-ap-00813-KSJ |
| Plaintiff, | |
| vs. | |
| O2 HR, LLC, | |
| Defendant. | |

**PLAINTIFF MIRABILIS VENTURES, INC.'S
MOTION TO STRIKE DEMAND FOR JURY TRIAL**

Plaintiff, MIRABILIS VENTURES, INC. ("Mirabilis"), by and through undersigned counsel, hereby moves to strike the demand for jury trial of Defendant, O2HR, LLC ("O2HR") as contained in O2HR's Answer, Affirmative Defenses[1], and Demand for Jury Trial, due to a contractual waiver of a trial by jury, and in support thereof states as follows:

1. Mirabilis' Complaint is an action on a promissory note that was a component of a transaction between Mirabilis and O2HR. O2HR executed the subject promissory note. A true and correct copy of the promissory note is attached hereto as **Exhibit #1** and incorporated herein by this reference.

2. The promissory note contains the following provision:

> **14. Waiver of Jury Trial.** EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR

---

[1] Despite having styled the title of its pleading to reflect that it contained affirmative defenses, O2HR has asserted no affirmative defenses to the Complaint filed in this adversary proceeding.

**RELATED TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED HEREBY.**

(emphasis in original).

3.  O2HR has irrevocably waived its right to a trial by jury in any action arising out of or related to the subject promissory note and the transactions contemplated thereby.

4.  O2HR's demand for a trial by jury must be stricken.

5.  Prior to filing this motion, Mirabilis requested that O2HR withdraw its demand for a jury trial. A true and correct copy of the September 2, 2009 correspondence from Mirabilis to O2HR counsel is attached hereto as **Exhibit #2**.

6.  To date, O2 HR has failed to withdraw its claim for jury trial.

## MEMORANDUM OF LAW

As reflected in Paragraph 14 of the promissory note, O2HR knowingly, voluntarily, and intelligently waived its right to a jury trial. As such, O2HR's demand for jury trial should be stricken.

It is well settled that the right to a jury trial in federal courts, and the question of whether that right has been waived, is to be determined by federal law. Allyn v. Western United Life Assurance Co., 347 F.Supp.2d 1246, 1251 (M.D.Fla.2004). Where a jury trial waiver is claimed under a contract executed before litigation, it must be shown that the waiver was assented to knowingly, voluntarily, and intelligently. Id.; see also Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 Fed.Appx. 820, 823-824 (11th Cir. 2006). Courts consider a number of factors when determining whether a contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently, including (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether

the waiving party was represented by counsel. Allyn, 347 F.Supp.2d at 1252; see also Bakrac, 164 Fed.Appx. at 824 (same as to factors 1 through 4).[2]

The circumstances in the instant case demonstrate that O2HR's jury trial waiver was assented to knowingly, voluntarily, and intelligently. The jury trial waiver in the promissory note is completely conspicuous, is contained within a section entitled "**Waiver of Jury Trial**," and set forth in boldface, uppercase font, unlike nearly all of the other text. Moreover, the signature of Thomas J. Bean, the Manager of O2HR, is inserted just inches below the waiver provision. Allyn, 347 F.Supp.2d at 1252. The waiver provision at issue was not buried in the text of the documents that O2 HR executed. Id. The waiver provision was not cryptic or ambiguous in nature, but was sufficiently straightforward, understandable, and conspicuous as to allow O2HR to be aware of it, to read it, and to appreciate its meaning. Id. at 1253.

O2HR had the opportunity to negotiate the terms of the overall transaction, and therefore maintained bargaining power; both parties were represented by counsel and participated in the review and negotiation of the transaction. See Asset Purchase Agreement, § 11.7 (stating in relevant part that the "Parties fully reviewed and negotiated this Agreement with their counsel"). A true and correct copy of the Asset Purchase Agreement is attached hereto as **Exhibit #3** and is incorporated herein by this reference.

---

[2] Although these factors play an important role in a Court's decision-making process, they are not determinative. Allyn, 347 F.Supp.2d at 1252. Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair. Id.

O2HR knowingly, voluntarily, and intelligently waived its right to a jury trial, and because it has not and cannot be argued that this jury trial waiver is unconscionable, contrary to public policy, or unfair, O2HR's demand for jury trial must be stricken.

WHEREFORE, Mirabilis requests that this Court strike O2HR's demand for jury trial and grant Mirabilis such other and further relief as this Court deems proper.

Dated: September 10, 2009.

/s/ Eric S. Adams
ERIC S. ADAMS
Florida Bar No. 0090476
eadams@shutts.com
MICHAEL P. SILVER
Florida Bar No. 0868701
msilver@shutts.com
SHUTTS & BOWEN LLP
100 South Ashley Drive, Suite 1500
Tampa, Florida 33602
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
Attorneys for Mirabilis Ventures, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2009, a true copy of Plaintiff Mirabilis Ventures, Inc.'s Motion to Strike Demand for Jury Trial has been furnished by either electronic mail and/or U.S. first-class mail, postage pre-paid, to:

Michael C. Addison, Esquire
Laura H. Howard, Esquire
Addison & Howard, P.A.
Post Office Box 172535
Tampa, FL 33672-0535

United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

/s/ Eric S. Adams
ERIC S. ADAMS, ESQUIRE