**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 6:08-bk-04327-KSJ |
| Mirabilis Ventures, Inc., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____) | |
| Mirabilis Ventures, Inc., ) | |
| ) | Adv. Pro. No: 6:09-ap-00813-KSJ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| O2 HR, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MIRABILIS VENTURES, INC.'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**
**AND ENTITLEMENT TO ATTORNEYS' FEES**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MIRABILIS VENTURES, INC. ("Mirabilis"), as successor in interest to AEM, Inc. ("AEM"), by and through counsel and pursuant to Fed R. Civ. P. 56(d), moves for the entry of partial summary judgment in its favor on all issues of liability and entitlement to attorneys' fees against Defendant, O2HR, LLC ("O2HR"), as there is no genuine issue of material fact, and in support thereof states as follows:

**I.     Introduction: Factual and Procedural Background and Undisputed Facts**

1.     By way of background, this case arises from a transaction that occurred between AEM and O2HR in mid-2007. In connection with that transaction, AEM and O2HR entered into various agreements.

2.     On May 1, 2007, O2HR and AEM entered into an Asset Purchase Agreement (the "Purchase Agreement"). Affidavit of R.W. Cuthill, Jr. ("Cuthill Affidavit"), ¶ 5; Complaint

TPADOCS 18624175 3

(Dkt. #1), ¶ 6; Answer and Affirmative Defenses (Dkt. #12), ¶ 6. A true and correct copy of the Cuthill Affidavit is attached hereto as **Exhibit #1** and incorporated herein by this reference. A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit #2** and incorporated herein by this reference.

3. On May 1, 2007, O2HR and AEM also entered into an Assumption and Assignment Agreement (the "Assignment"). Cuthill Affidavit, ¶ 6; Complaint ¶ 7; Answer and Affirmative Defenses, ¶ 7. A true and correct copy of the Assignment is attached hereto as **Exhibit #3** and incorporated herein by this reference.

4. On June 1, 2007, O2HR executed and delivered a Promissory Note to AEM in the amount of $2,235,800.00 (the "Note"). Cuthill Affidavit, ¶ 7; Complaint ¶ 8; Answer and Affirmative Defenses, ¶ 8. A true and correct copy of the Note is attached hereto as **Exhibit #4** and incorporated herein by this reference.

5. AEM is a wholly-owned subsidiary of Mirabilis. Cuthill Affidavit, ¶ 8.

6. Mirabilis owns the Note and is entitled to enforce the Note under Florida law. Cuthill Affidavit, ¶ 9.

7. The Note provides that Mirabilis is entitled to recover its attorneys' fees and costs as a prevailing party if, as here, it becomes necessary to retain an attorney to collect the Note. Note, ¶ 5.

8. O2HR failed to pay the installment payment due on the Note on June 1, 2007 and Mirabilis has elected to accelerate payment of the balance due on the Note, pursuant to its terms. Cuthill Affidavit, ¶ 10.

TPADOCS 18624175 3

9. Mirabilis has retained the law firm of Shutts & Bowen LLP to represent it in this lawsuit and is obligated to pay such law firm a reasonable fee for its services. <u>Cuthill Affidavit, ¶ 12</u>.

10. O2HR has not asserted any legal defenses[1] to the claims that Mirabilis has set forth in its Complaint. <u>Answer and Affirmative Defenses, generally</u>.

11. Because there is no genuine issue of material fact that AEM is in default of its obligations to Mirabilis under the Note, Mirabilis is entitled to judgment as to liability as a matter of law. Mirabilis is further entitled to a judgment as a matter of law as to its entitlement to attorneys' fees.

## II. Memorandum of Law

Mirabilis seeks entry of a partial summary judgment as to liability and attorneys' fee entitlement based upon O2HR's execution of the underlying instruments and the failure of O2HR to pay upon the obligations arising from those instruments. The facts are simple, straightforward, and undisputed. O2HR executed the Purchase Agreement and corresponding Note. O2HR has not made the required payments under the Purchase Agreement and corresponding Note. In the event that an action to enforce the Note is necessary, Mirabilis is entitled to recover its attorneys' fees and costs. While O2HR may assert arguments as to what amount is owed, this is not the issue before this Court; instead, the issue is whether Mirabilis is entitled to a judgment as to liability for monies due and owing under the Purchase Agreement and the Note, as well as for attorneys' fees and costs in pursuing this lawsuit. The undisputed facts and applicable law unequivocally show that Mirabilis is entitled to such a judgment.

---

[1] While O2HR's responsive pleading is styled as an "Answer, Affirmative Defenses and Demand for Jury Trial," a review of this document reveals that this is a misnomer, as O2HR has not asserted any affirmative defenses therein. Additionally, this Court has stricken O2HR's demand for jury trial . (Dkt. #23).

### A.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1313 (11th Cir.2009), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Burger King, 572 F.3d at 1313, quoting Celotex, 477 U.S. at 323, 106 S.Ct. at 2548. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to show the existence of a genuine issue of fact. Burger King, 572 F.3d at 1313. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Williams v. Vitro Servs. Corp., 144 F.3d 1438, 1441 (11th Cir.1998), quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### B.     Partial Summary Judgment as to Liability and Attorneys' Fee Entitlement is Entirely Appropriate in Suits to Enforce Negotiable Instruments

This is a simple lawsuit as to monies due and owing from O2HR on a negotiable instrument. O2HR does not dispute that it entered into the Purchase Agreement or that it is the maker of the Note. Suits to enforce negotiable instruments are among the most suitable classes

- 4 -

of cases for summary judgment. Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir.1973)[2]. A partial summary judgment may be appropriate where there is no genuine issue of material fact that a promissory note is due and payable, even though the amount of damages may be in dispute. See Frederick v. U.S., 386 F.2d 481, 484 (5th Cir.1967). In the instant case, the evidence demonstrates that the Note is due and payable. Although, *arguendo*, there may be factual issues regarding how much is owed under the Note, this Court can, and should, enter a partial summary judgment as to liability and entitlement to attorneys' fees.

In fact, other than very basic denials to the foundational allegations in the Complaint, O2HR has asserted no legal defenses in avoidance of its obligations under the Purchase Agreement and Note. It is well-settled in the Eleventh Circuit that that "failure to include an affirmative defense in the answer or have it included in the pretrial order of the district court…will normally result in waiver of the defense." Jackson v. Seaboard C.L.R. Co., 678 F.2d 992, 1012 (11th Cir.1982); see also Palmer v. Braun, 376 F.3d 1254, 1257 n.2 (11th Cir.2004) (finding that a defendant waives its affirmative defense when it fails to include it in either the his answer or pretrial order). O2HR may not now revive an available defense that it failed assert in its answer by arguing it on summary judgment. Funding Sys. Leasing Corp. v. Pugh, 530 F.2d 91, 96 (5th Cir.1976).

This Court should utilize common contract interpretation principles in construing a promissory note. See California Fed. Bank v. Romano, 237 B.R. 807, 815 (M.D.Fla.1996). In the instant case, the language of Note is clear and unambiguous. The Note's provisions clearly show that O2HR obligated itself to pay Mirabilis, and the Note's provisions also clearly show that upon O2HR's failure to pay, Mirabilis is entitled to accelerate the remaining balance of the

---

[2] Decisions of the former Fifth Circuit issued prior to October 1, 1981 are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*).

Note. Because this action to enforce the Note was required, Mirabilis is permitted to recover its attorneys' fees and costs under the prevailing party terms of the Note. Given that there is no dispute that O2HR has failed to pay and that Mirabilis has accelerated the Note within this enforcement action, Mirabilis is entitled to a judgment in its favor as a matter of law with respect to the issue of liability and entitlement to attorneys' fees and costs

WHEREFORE, Mirabilis requests the entry of summary judgment in its favor on the issues of liability and entitlement to attorneys' fees and costs, and such other and further relief as this Court deems proper.

Dated: June 18, 2010.

/s/ Eric S. Adams
ERIC S. ADAMS
Florida Bar No. 0090476
eadams@shutts.com
MICHAEL P. SILVER
Florida Bar No. 0868701
msilver@shutts.com
SHUTTS & BOWEN LLP
100 South Ashley Drive, Suite 1500
Tampa, Florida 33602
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
Attorneys for Mirabilis Ventures, Inc.

- 7 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 18, 2010, a true copy of Plaintiff Mirabilis Ventures, Inc.'s Motion for Partial Summary Judgment as to Liability and Entitlement to Attorneys' Fees has been furnished by either electronic mail and/or U.S. first-class mail, postage pre-paid, to:

Michael C. Addison, Esquire
Laura H. Howard, Esquire
Addison & Howard, P.A.
Post Office Box 172535
Tampa, FL 33672-0535

United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

/s/ Eric S. Adams
ERIC S. ADAMS, ESQUIRE

TPADOCS 18624175 3